UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM BEAULIER,<br><br>    Plaintiff<br><br>v.<br><br>ERNEST WEAVER, ROBERT NELSON, SR., and RONALD RUSHINAL,<br><br>    Defendants | Civil No. 05-182-B-W |

**RECOMMEND DECISION ON MOTION TO DISMISS**

The defendants, Ernest Weaver, Robert Nelson, and Robert Rushinal have removed William Beaulier's three-count complaint to this court and have moved to dismiss the complaint (Docket No. 3). The defendants were members of the Town Council in Ashland, Maine during the time relevant to this complaint. In August 1999, Beaulier was employed as the Ashland Town Manager and on December 23, 2002, the three defendants voted to termination Beaulier's employment. Beaulier has previously litigated the propriety of his termination in a 2003 state court complaint. Beaulier's current complaint has three counts: An exercise of free speech claim, alleging that he was fired in retaliation for his public speech concerning the propriety of maintaining or closing a town road; a whistleblower claim; and a Maine Human Rights Act claim. For the reasons that follow, I recommend that the Court **GRANT** the motion to dismiss.

*Discussion*

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences in the plaintiff's favor, and determine whether the facts and inferences, when taken in the light most favorable to the non-movant, are sufficient to support the plaintiff's claim or claims for relief. Clorox Co. v. Proctor & Gamble Commer. Co., 228 F.3d 24, 30 (1st Cir. 2000); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998).

*Count I- First Amendment Retaliation*

In their motion to dismiss the defendants argue that the now fully adjudicated 2003 complaint, Maine Superior Court, Aroostook County, Civil Action Docket No. CARSC-AP-03-0003, named the Town of Ashland as a defendant, these defendants were dismissed as defendants on an oral motion by the defendants and with the acquiescence of Beaulier, and that principals of res judicata prevent this First Amendment claim from going forward. Although, the defendants concede, Beaulier did not include a First Amendment claim in his first action (one count requested a Maine Rule of Civil Procedure 80B review of governmental action and the other sought damages under 26 M.R.S.A. § 626-A), the matters presented in this complaint could have been litigated in the first action. (Mot. Dismiss at 3.)

In Roy v. City of Augusta the First Circuit explained in a case arising in Maine:

> It is well established that general principles of res judicata apply in civil rights actions. See, e.g., Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982) (Title VII); Allen v. McCurry, 449 U.S. 90 (1980) (collateral estoppel applies in section 1983 actions); Isaac v. Schwartz, 706 F.2d 15 (1st Cir.1983). In determining the preclusive effect of a state court judgment, federal courts must look to the state's law. Id. at 16. We

2

> therefore turn to the Maine law of res judicata in order to determine whether Roy's Maine litigation bars the present action.
> For the doctrine of res judicata to be applied in Maine "the court must satisfy itself that 1) the same parties, or their privies are involved; 2) a valid final judgment was entered in the prior action; and 3) the matters presented for decision were, or might have been, litigated in the prior action." Kradoska v. Kipp, 397 A.2d 562 (Me.1979). ....
> ....
> .... Under modern principles of res judicata, a party cannot split his claim by first seeking one type of remedy in one action and later asking for another type of relief in a second action. See Restatement (Second) of Judgments §§ 24 & 25. The Maine Supreme Judicial Court has accepted that view. It has stated:
>> A plaintiff will not be permitted to split his cause of action and pursue each aspect of it in separate lawsuits.... Judicial economy, fairness to litigants, and the strong public interest favoring finality in judicial proceedings demand that a plaintiff present all relevant aspects of his cause of action in a single lawsuit.
> Kradoska v. Kipp, 397 A.2d at 567 (citations omitted).
> Here, the transactions complained of were the same in both cases. Therefore, the fact that Roy sought a different remedy in the earlier action does not preclude the application of res judicata here.

712 F.2d 1517, 1520-21 (1st Cir. 1983) (footnote omitted).

Beaulier concedes that he has already fully litigated in state court claims against the Town of Ashland but urges here that there is no final judgment with regards to these three defendants as they were dismissed from the prior action apropos claims brought against them in their official capacity.[1] Beaulier explains:

> The action in 2003 was premised entirely upon the Town of Ashland's failure to provide the procedural due process required by Defendant's failure to provide reasons and a hearing regarding his non-renewal. The litigation was focuse[d] principally upon Plaintiff's property interest in his position and whether he was entitled to statutory or charter protections as a town manager.
> Although Plaintiff's termination is a common fact to both actions, the other operative facts of each action are not the same.
> Defendant's motivations and actions outside the Court in terminating Plaintiff and actions outside of the coun[cil] chambers were

---

[1] It is not at all clear from the face of the 2003 complaint as to what capacity the defendants were sued. See infra note 2. However, Beaulier does not dispute that a suit against these defendants in their official capacity is the one and the same as a claim against the town.

3

> irrelevant to whether or not he was afforded due process in his termination. They are, however relevant and the basis for the pending claim.
> In <u>Cohen v. Shea</u>, 288 F. Sup. 66, 68 (D. Mass. 1992) the Court granted Defendant's actions to dismiss on the finding that the Defendants as decision makers solely in their official roles when they denied him a job. In this case, the pleadings establish that Plaintiff's claim against Defendants is based upon their actions being based upon their private interests.

(Resp. Mot. Dismiss at 2.)   He argues: "The appearances by Defendants in the 2003 action were clearly in their official capacities as councilors of the Town of Ashland and not in their individual capacities." (<u>Id.</u>)

The problem for Beaulier is that this current complaint cannot be fairly read to assert claims against the defendants in their personal capacity. In this present complaint Beaulier alleges: "The discharge of Plaintiff by Defendants Weaver, Nelson, and Rushinal, <u>acting on behalf of Defendant Town of Ashland</u>, was arbitrary and capricious and therefore unlawful and in violation of the Ashland Town Management Act." (2005 Compl. ¶ 32)(emphasis added). In setting forth this first count in this complaint Beaulier alleges: "Defendants <u>were at all times herein acting in their official capacity</u> as councilors of the Town of Ashland" (<u>id.</u> ¶ 35) (emphasis added), and, "Defendants, <u>while in their official capacity</u> deprived Plaintiff of his First Amendment right of free speech on matters of public concern by terminating his employment in retaliation for such speech" (<u>id.</u> ¶ 36) (emphasis added).[2]   Accordingly, I conclude that the defendants are entitled to dismissal of this count.

---

[2]    Now that a responsive pleading has been filed Beaulier would need to seek leave of court to amend his complaint and he has not done so to date. In the absence of such a motion and the defendants' being given an opportunity to respond, it would be inappropriate for this Court to constructively amend the complaint to allege claims against the defendants which is what would be necessary for Beaulier to survive this motion to dismiss Count I.

*Count II- Whistleblower Claim*

Despite Beaulier's argument to the contrary, it is settled law that as of the 1988 repeal of 26 M.R.S.A. § 835, a Maine Whistleblower's Protection Act claim must be pursued by following the Maine Human Rights Act procedures. See Schlear v. Fiber Materials, Inc., 574 A.2d 876, 878-79 (Me. 1990), abrogated on other grounds DeMello v. Dep't of Envtl. Prot., 611 A.2d 985, 987 (Me.1992); see also Tripp v. Cole, 425 F.3d 5, 9 n.4 (1st Cir. 2005) ("Although the MWPA itself provides no private right of action, complainants may, after appropriate administrative process, file a civil action under the MHRA. See Schlear v. Fiber Materials, Inc., 574 A.2d 876, 878-79 (Me.1990)."). Beaulier does not dispute that he has not followed these procedures; he only persists in arguing that the Whistle Blower's Protection Act *does* create a private right of action and that he need not comply with the 5 M.R.S.A. § 4613(2)(C) statute of limitation. (Resp. Mot. Dismiss at 3.)

---

    Roy did state:
        The other individual defendants did appear in the earlier action, but only in their official capacities. In the present action they are named in their individual capacities. Under well-established rules of res judicata, recognized in Maine, an action brought against an individual in one capacity does not bar a later action brought against the same individual in a different capacity. Lander v. Arno, 65 Me. 26 (1876). See also Restatement (Second) of Judgments § 36; 1B Moore's Federal Practice ¶ 0.411[3] (2d ed. 1982). We therefore hold that res judicata does not bar the present action as against the individual defendants but does bar it against the city.
712 F.2d at 1522.
    However, even if Beaulier should move to amend his claim his chances of success in pressing such a motion seem slight. The 2003 complaint was vague apropos what capacity the defendants were being sued but the order dismissing the defendants stated: "At oral argument the Defendants moved to dismiss the four Council members who are named in their individual capacities as Defendants in Beaulier's M. R. Civ. P. 80(B) appeal. Beaulier has no objection to their dismissal. Accordingly, Defendants Weaver, Nelson, Rushinal and Michaud are dismissed from Beaulier's appeal." (Mot. Dismiss Attach. 2 at 11.) The prospect that these defendants could assert qualified immunity is yet another formidable hurdle to claims against these defendants in their individual capacity.

5

*Count III -5 M.R.S.A. § 4574(3)*

Count III is also a claim under the Maine Human Rights Act. Beaulier relies on the following provision:

> **Unlawful employment discrimination.** It shall be unlawful employment discrimination:
> **A.** For any employer to fail or refuse to hire any applicant for employment because of the age of the individual; or
> **B.** For any employer to require or permit, as a condition of employment, any employee to retire at or before a specified age or after completion of a specified number of years of service.

5 M.R.S.A. § 4574(3).

In their motion to dismiss the defendants point out that the Maine Human Rights Act has a two-year statute of limitation and the filing of this complaint was far outside that limit. (Mot. Dismiss at 7.) Perhaps knowing the cause was a lost one, Beaulier has not responded to this argument.

*Conclusion*

For the reasons given herein, I recommend that the Court **GRANT** the motion to dismiss.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                              /s/ Margaret J. Kravchuk
                                              U.S. Magistrate Judge

January 25, 2006.